UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH DUNBAR,

    Plaintiff,                                        Case Number 11-10123
                                                     Honorable Thomas L. Ludington

v.

PATRICIA CARUSO, et al.,

    Defendants.
_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING JUDGE KOMIVES'S REPORT AND RECOMMENDATION, DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE, DENYING THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT WITHOUT PREJUDICE, DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, DENYING PLAINTIFF'S MOTION FOR TRANSFER TO A FEDERAL FACILITY, DENYING PLAINTIFF'S APPEAL OF JUDGE KOMIVES'S JUNE 27, 2011 ORDER, AND DIRECTING PLAINTIFF TO FILE A MORE DEFINITE STATEMENT IN THE FORM OF AN AMENDED COMPLAINT WITH RESPECT TO CERTAIN CLAIMS**

        Plaintiff Joseph G. Dunbar ("Plaintiff") filed a pro se civil rights action pursuant to 42 U.S.C. §§ 1981 and 1983[Dkt. #1] on January 10, 2011. Plaintiff is currently confined in the Richard A. Handlon Correctional Facility in Ionia, Michigan but was incarcerated at the Thumb Correctional Facility in Lapeer, Michigan at the times relevant to his complaint. Plaintiff names Patricia Caruso, former Director of the Michigan Department of Corrections ("MDOC"), David Bergh, Warden of the Thumb Correctional Facility; Resident Unit Officer ("RUO") Kelly Freese, Jeff Van Sickle, Classification Director at the Thumb Correctional Facility, and Resident Unit Manager ("RUM" Geraldine Wilson as defendants (collectively, "Defendants").

        Plaintiff filed an amended complaint on February 8, 2011. Plaintiff alleges a total of eight claims: (1) that he has been denied cellmate changes afforded to other inmates pursuant to MDOC

Policy Directive 03.03.130(J); (2) that he has been discriminated against on the basis of race in the assignment of a job in the prison law library; (3) that he was issued several false misconduct tickets by various prison officials; (4) that Defendants placed false information in his prison file stating that he had escaped from a mental institution, had an arson history, and had two prior rape convictions; (5) that MDOC officials had him assaulted in retaliation for his lawsuit; (6) that he was issued additional false misconduct tickets; (7) that he was not provided Hepatitis immunizations; and (8) that MDOC officials have stolen his mail.

This matter is now before the Court on a report and recommendation regarding Plaintiff's motion for preliminary injunction, Plaintiff's motion for summary judgment, Plaitniff's motion for transfer to a federal prison or correctional facility, and Defendants' motion for summary judgment issued by Magistrate Judge Paul Komives on July 12, 2011 [Dkt. #32]. Judge Komives concluded that the Court should deny the parties' cross-motions for summary judgment as premature because it is difficult to discern all the claims Plaintiff is raising in his complaint and amended complaint as well as the factual allegations related to those claims and the various defendants. Judge Komives recommends that the Court should instead summarily dismiss all of Plaintiff's claims against Defendants Caruso, Bergh, and Freese; his claim alleging denial of his choice of cellmate; his claims alleging false misconduct tickets; his claim alleging false information in his prison file; and his claim alleging denial of Hepatitis immunizations pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Judge Komives also recommends that the Court order Plaintiff to file a more definite statement in the form of an amended complaint with respect to his claims alleging assault by prisoners and guards, denial of or interference with his legal mail, denial of a prison job based on race, and retaliation. Finally, Judge Komives recommends that the Court deny Plaintiff's motion for preliminary injunction

because he is no longer in the custody of the officials he claims were denying him his constitutional rights and that the Court deny Plaintiff's motion for transfer to a federal facility because the Court is without authority to grant such a request.

The Court has reviewed the report and recommendation, and agrees with Judge Komives's conclusions. Accordingly, the Court will overrule Plaintiff's objections and adopt Judge Komives's report and recommendation.

# I

Plaintiff appears to have made five objections to Judge Komives's report and recommendation. Each will be discussed separately below.

## A

Plaintiff's first objection is to Judge Komives's recommendation that Plaintiff be ordered to file a more definite statement in the form of an amended complaint with respect to his claims alleging assault by prisoners and guards, denial of or interference with his legal mail, denial of a prison job based on race, and retaliation. Plaintiff contends that in doing so, Judge Komives is acting as an advocate for the MDOC. Plaintiff's objection does not identify any legal or factual findings that were in error but instead states a general disagreement with Judge Komives's recommendation for disposition of the issue. An objection that does nothing more than state a disagreement with a magistrate's suggested resolution is not an "objection" as that term is used in the context of Federal Rule of Civil Procedure 72. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Accordingly, Plaintiff's objection will be overruled.

Plaintiff also notes that two individuals have been omitted from the caption of the case: Gwendolyn Holmes and Blondine Ayers. Plaintiff did not include these individuals in the caption

of his original or amended complaint, but did include them in the letter to the United States Marshal Service as defendants to be served. At this juncture, it remains unclear which claims Plaintiff seeks to plead against Holmes and Ayers, and Plaintiff will be granted leave to include these individuals in his forthcoming amended complaint.

**B**

Plaintiff's second objection is to Judge Komives's recommendation that some of his claims be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff believes that this denies him his constitutional right to access to the courts and freedom of speech. The Court is authorized to dismiss a claim at any time where the plaintiff is proceeding in forma pauperis if it determines that the action fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court agrees with Judge Komives's well-reasoned analysis concluding that Plaintiff's claims against defendants Caruso, Bergh, and Freese; alleging denial of his choice of cellmate; alleging false misconduct tickets; alleging false information in his prison file; and alleging denial of Hepatitis immunizations should be dismissed for failing to state a claim upon which relief can be granted. Plaintiff's objection on this ground will thus be overruled.

**C**

Plaintiff also contends that his right to due process has been violated by Judge Komives's order requiring Defendants to respond to Plaintiff's motions [Dkt. #26]. Plaintiff contends that this was improper because Defendants did not file a request for an extension of time to response to Plaintiff's motion. Federal Rule of Civil Procedure 6(b)(1)(a), however, allows the Court to extend the time for filing motion papers with or without motion or notice. Judge Komives's June 17, 2011 order was proper under Rule 6(b)(1)(a), and Plaintiff's objection on this ground will be overruled.

Plaintiff's motion for leave to appeal Judge Komives's order directing responses [Dkt. #27] will also be denied.

**D**

Plaintiff also appears to object to Judge Komives's report and recommendation because it addresses Defendants' motion for summary judgment. Defendants filed their motion for summary judgment in lieu of an answer to Plaintiff's complaint and Plaintiff believes this entitles him to entry of a default. Under Federal Rule of Civil Procedure 55, a default may be sought against a party that has failed to plead or otherwise defend. Plaintiff has not requested a clerk's entry of default nor has he demonstrated Defendants' failure to plead or defend. Defendants are actively participating in the case and Plaintiff's objection will thus be overruled.

**E**

Plaintiff's final objection is to Judge Komives's interpretation of his claim that he was not provided Hepatitis immunizations. Plaintiff instead contends that his claim is that he was tricked into allowing MDOC officials to inject him with Hepatitis C. Plaintiff's pleadings do not support his contention. Plaintiff's amended complaint states that he was given the first of a series of three shots to be immunized against Hepatitis A and B, but did not receive the subsequent shots. Accordingly, Plaintiff's objection will be overruled.

**II**

Accordingly, it is **ORDERED** that Plaintiff's objections [Dkt. #36] are **OVERRULED**.

It is further **ORDERED** that Judge Komives's report and recommendation [Dkt. #32] is **ADOPTED**.

It is further **ORDERED** that the parties' cross-motions for summary judgment [Dkt. #16;

Dkt. #17] are **DENIED WITHOUT PREJUDICE AS PREMATURE**.

It is further **ORDERED** that all Plaintiff's claims against defendants Caruso, Bergh, and Freese; his claim alleging denial of his choice of cellmate; his claims alleging false misconduct tickets; his claim alleging false information in his prison file; and his claim alleging denial of Hepatitis immunizations are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further **ORDERED** that Plaintiff's motion for preliminary injunction [Dkt. #2] is **DENIED**.

It is further **ORDERED** that Plaintiff's motion for transfer to a federal facility [Dkt. #20] is **DENIED**.

It is further **ORDERED** that Plaintiff's appeal of Judge Komives's June 17, 2011 order requiring responses [Dkt. #27] is **DENIED**.

It is further **ORDERED** that Plaintiff is **DIRECTED** to file a more definite statement in the form of an amended complaint that is consistent with the directives provided on page eighteen of Judge Komives's report and recommendation with respect to his claims alleging retaliation, assault by prisoners and guards, denial of or interference with his legal mail, denial of a prison job based on race, and his claims against Gwendolyn Holmes and Blondine Ayers. Plaintiff's amended complaint shall be filed within **21 days** of service of this order.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: August 9, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Joseph Dunbar, #129278, at Richard A. Handlon Correctional Facility, 1728 Bluewater Highway, Ionia, MI 48846 by first class U.S. mail on August 9, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS