UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH DUNBAR,

    Plaintiff,                                    Case Number 11-10123
                                                 Honorable Thomas L. Ludington

v.

PATRICIA CARUSO, et al.,

    Defendants.
_____/

**<u>OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING JUDGE KOMIVES'S REPORT AND RECOMMENDATION, DENYING DEFENDANT MCGRAW'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE AS PREMATURE AND DISMISSING CERTAIN CLAIMS WITH PREJUDICE</u>**

        Plaintiff Joseph G. Dunbar ("Plaintiff") filed a pro se civil rights action pursuant to 42 U.S.C. §§ 1981 and 1983 on January 10, 2011. ECF No. 1. Plaintiff is currently confined in the Richard A. Handlon Correctional Facility in Ionia, Michigan but was incarcerated at the Thumb Correctional Facility in Lapeer, Michigan at the times relevant to his complaint. Plaintiff names Patricia Caruso, former Director of the Michigan Department of Corrections ("MDOC"), David Bergh, Warden of the Thumb Correctional Facility; Resident Unit Officer Kelly Freese, Jeff Van Sickle, Classification Director at the Thumb Correctional Facility, and Resident Unit Manager Geraldine Wilson as defendants (collectively, "Defendants").

        Plaintiff filed an amended complaint on February 8, 2011, alleging a total of eight claims: (1) that he has been denied cellmate changes afforded to other inmates pursuant to MDOC Policy Directive 03.03.130(J); (2) that he has been discriminated against on the basis of race in the assignment of a job in the prison law library; (3) that he was issued several false misconduct tickets by various prison officials; (4) that Defendants placed false information in his prison file stating that

he had escaped from a mental institution, had an arson history, and had two prior rape convictions; (5) that MDOC officials had him assaulted in retaliation for his lawsuit; (6) that he was issued additional false misconduct tickets; (7) that he was not provided Hepatitis immunizations; and (8) that MDOC officials have stolen his mail.

The Court entered an Order on August 9, 2011, adopting Judge Komives's July 12, 2011 report and recommendation. ECF No. 39. The Court denied the parties' cross-motions for summary judgment as premature because it was difficult to discern all the claims Plaintiff was raising in his complaint and amended complaint as well as the factual allegations related to those claims and the various defendants. The Court also summarily dismiss all of Plaintiff's claims against Defendants Caruso, Bergh, and Freese; his claim alleging denial of his choice of cellmate; his claims alleging false misconduct tickets; his claim alleging false information in his prison file; and his claim alleging denial of Hepatitis immunizations pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief could be granted. The Court order Plaintiff to file a more definite statement in the form of an amended complaint with respect to his claims alleging assault by prisoners and guards, denial of or interference with his legal mail, denial of a prison job based on race, and retaliation. Plaintiff requested additional time for filing his amended complaint because he had filed an appeal of the claims that had been dismissed. The Court denied Plaintiff's request because his preference to wait for the Sixth Circuit to address his appeal on other claims was not a justification for a delay in addressing the claims that had not yet been dismissed. As of today's date, Plaintiff has not filed an amended complaint.

Judge Komives's issued a report and recommendation addressing Defendant McGraw's motion for summary judgment and Plaintiff's motions to file supplemental pleadings on September

7, 2011. Because Plaintiff had been given leave to amend his complaint, Judge Komives concluded that his motions to file supplemental pleadings are now moot. Judge Komives also concluded that it would thus be premature to address the issues raised in Defendant McGraw's motion for summary judgment and recommended that the motion be denied without prejudice as premature. Although Plaintiff has not filed a second amended complaint as directed, Defendant McGraw's motion for summary judgment addresses claims that will be dismissed and does not adequately address Plaintiff's remaining claim that he was denied a particular job solely on the basis of race. The Court will thus deny Defendant McGraw's motion for summary judgment without prejudice as premature pursuant to Judge Komives's recommendation.

Plaintiff filed an objection to Judge Komives's recommendation on September 16, 2011. Plaintiff provides a number of general objections unrelated to Judge Komives's report and recommendation and advances arguments that he made in previous filings that have already been addressed in the Court's August 9, 2011, opinion and order. "A general objection to the magistrate's report has the same effect as a failure to object" and an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in the context of Federal Rule of Civil Procedure 72. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747-48 (E.D. Mich. 2004). Plaintiff's objection will be overruled.

Additionally, Plaintiff's claims alleging retaliation, assault by prisoners and guards, denial of or interference with his legal mail, and his claims against Gwendolyn Holmes and Blondine Ayers for which the Court ordered a more definite statement are subject to dismissal at this juncture. The Court is authorized to dismiss a claim at any time where the plaintiff is proceeding in forma pauperis

if it determines that the action fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's assault claim contains only conclusory statements of the alleged assaults with no further information and Plaintiff provides only vague allegations regarding the handling of his legal mail that are insufficient to allow Defendants to properly respond to this claim. Additionally, Plaintiff's retaliation claim fails to tie any of the particularly alleged actions to any particular defendants or protected conduct on Plaintiff's part. Plaintiff's only remaining viable claim, at this juncture, is his claim that he was denied a particular job solely on the basis of race.

Accordingly, it is **ORDERED** that Plaintiff's objections (ECF No. 50) are **OVERRULED**.

It is further **ORDERED** that Judge Komives's report and recommendation (ECF No. 49) is **ADOPTED**.

It is further **ORDERED** that Defendant McGraw's motion for summary judgment (ECF No. 31) is **DENIED WITHOUT PREJUDICE AS PREMATURE**.

It is further **ORDERED** that Plaintiff's retaliation, assault by prisoners and guards, and denial of or interference with his legal mail are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

                                                            s/Thomas L. Ludington  
                                                            THOMAS L. LUDINGTON  
                                                            United States District Judge

Dated: December 19, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Joseph Dunbar, #129278 at Richard A. Handlon Correctional Facility, 1728 Bluewater Highway, Ionia, MI 48846 by first class U.S. mail on December 19, 2011.

                                       s/Tracy A. Jacobs  
                                       TRACY A. JACOBS