UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH G. DUNBAR,

Plaintiff,

v.

PATRICIA CARUSO, et al.,

Defendants.
_________________________/

CASE NO. 1:11-CV-10123-DT
JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PAUL KOMIVES

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR TRANSFER TO FEDERAL PRISON (docket #60)**

I. RECOMMENDATION: The Court should deny plaintiff's motion for transfer to a federal prison.

II. REPORT:

A. *Background*

Plaintiff Joseph G. Dunbar is a state prisoner currently confined in the Richard A. Handlon Correctional Facility in Ionia, Michigan. At the times relevant to plaintiff's complaint, he was incarcerated at the Thumb Correctional Facility in Lapeer, Michigan. Plaintiff commenced this action on January 10, 2011, by filing a *pro se* civil rights action pursuant to 42 U.S.C. §§ 1981, 1983. Defendants are Patricia Caruso, former Director of the Michigan Department of Corrections (MDOC); David Bergh, Warden of the Thumb Correctional Facility; Resident Unit Officer (RUO) Kelly Freese; Jeff Van Sickle, Classification Director at Thumb Correctional Facility; and Resident Unit Manager (RUM) Geraldine Wilson. Although not entirely clear, plaintiff's complaint appears to raise the following claims. First, plaintiff contends that he has been denied cellmate changes afforded other inmates pursuant to MDOC Policy Directive 03.03.130(J). More specifically with

respect to this claim, plaintiff contends that defendants have housed him with various "snitches" or government "plants," and that his various cellmates were unhygienic, snored, or otherwise undesireable as cellmates. Plaintiff also contends that at least one cellmate threatened him, yet defendants did not transfer him. Second, plaintiff contends that he was discriminated against on the basis of race in the assignment of a job in the prison law library. Third, plaintiff contends that he was issued several false misconduct tickets by various prison officials. On February 8, 2011, plaintiff filed an amended complaint asserting additional claims.[1] Plaintiff's amended complaint reasserts some of his original claims, and asserts several additional claims. Specifically, in his amended complaint plaintiff alleges that: (1) defendants planted false information in his prison file that he had escaped from a mental institution, had an arson history, and had two prior rape convictions; (2) MDOC officials had him assaulted in retaliation for his lawsuit; (3) MDOC officials opened and read his outgoing and incoming legal mail; (4) he was issued additional false misconduct tickets; (4) he was not provided Hepatitis immunizations; and (5) MDOC officials have stolen his mail.

Because the nature of plaintiff's claims was unclear, on July 12, 2011, I filed a Report recommending that the Court deny the parties' then-pending cross-motions for summary judgment. I further recommended that the Court, (1) pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), summarily dismiss plaintiff's claims: (a) against defendants Caruso, Bergh, and Freese; (b) alleging denial of his choice of cellmate; (c) alleging false misconduct tickets; (d) alleging false information in his prison file; and (e) alleging denial of Hepatitis immunizations; and (2) pursuant to FED. R. CIV. P.

---

[1]Plaintiff filed his amended complaint along with a motion for leave to file the amended complaint. As explained in a separate Order issued this date, because defendants had yet to file a responsive pleading, plaintiff did not require leave of Court to amend the complaint. Thus, the amended complaint is properly before the Court.

12(e), order plaintiff to file a more definite statement, within a specified time, in the form of an amended complaint, with respect to his claims alleging: (a) assault by prisoners and guards; (b) denial of or interference with his legal mail; (c) denial of a prison job based on race; and (d) retaliation. I also recommended that the Court deny plaintiff's motions for preliminary injunction and for transfer to a federal facility (docket #2 and #20). The Court entered an Order adopting my Report on August 9, 2011. Plaintiff has attempted to appeal various rulings of the Court to the Sixth Circuit, but has not yet filed an amended complaint.

This matter is before the Court on plaintiff's second motion for transfer to a federal prison, filed on March 19, 2012. In his motion plaintiff, plaintiff contends that various MDOC officials are retaliating against him in a number of ways which he contends place him in imminent danger, and he therefore requests that the Court order him transferred to a federal prison.

B. *Analysis*

In recommending that the Court deny plaintiff's first motion for transfer to a federal prison, I explained:

> [T]his Court is without authority to grant the relief requested. Although in extreme cases a federal court may order state officials to transfer a prisoner to a different facility to remedy a constitutional violation, such a power does not extend to order the state to transfer a prisoner to the federal prison system, or to requiring the federal prison system to accept the prisoner. "[W]hen a state has primary custodial jurisdiction over an inmate, a federal court cannot order the delivery of the defendant for service of a sentence in a federal institution. Such an order would be tantamount to a transfer of custody beyond the jurisdiction of the federal court." *Fisher v. Goord*, 981 F. Supp. 140, 176 (S.D.N.Y. 1997); *see also*, *Moore v. Schuetzle*, 486 F. Supp. 2d 969, 981 (D.N.D. 2007).

R&R, dated 7/12/11, at 16-17. Plaintiff has nothing to call into question this analysis. The authorities relied upon by plaintiff in his current motion do not support the proposition that this Court may order plaintiff transferred from state to federal custody. *Chavis v. Chappius*, 618 F.3d

162 (2d Cir. 2010), addressed only whether the plaintiff had alleged sufficiently that he was in imminent danger of bodily injury to avoid dismissal under the three strikes provision of 28 U.S.C. § 1915(g). *See Chavis*, 618 F.3d at 170-71. Even if the allegations in plaintiff's motion are sufficient to show that he is in imminent danger of bodily harm, the Court is still without power to order him transferred to a federal prison, and *Chavis* does not suggest otherwise. 18 U.S.C. § 5003 merely permits the Director of the U.S. Bureau of Prisons to contract with state officials to house state prisoners in federal prisons, and *Howe v. Smith*, 452 U.S. 473 (1981) merely held that this statute does not require that a state prisoner have any special treatment needs that can only be served by a federal prison. Section 5003 and *Howe* merely permit states and the federal government to agree to house state prisoners in federal institutions. Nothing in the statute or *Howe* grants a federal court authority to compel state prison officials to house a state prisoner in a federal prison. *See Cunningham v. Oregon Dep't of Corrections*, No. 96-35760, 1998 WL 847627, at *1 (9th Cir. Nov. 16, 1998).

C. *Conclusion*

In view of the foregoing, the Court should conclude that it lacks the power to order state officials to transfer plaintiff to a federal prison. Accordingly, the Court should deny plaintiff's motion for transfer.

III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505

(6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 7/13/12

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on July 13, 2012.

s/Eddrey Butts
Case Manager