UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH DUNBAR,

       Plaintiff,                            Case Number 11-10123
                                             Honorable Thomas L. Ludington

v.

PATRICIA CARUSO, et al.,

       Defendants.

_____/

### OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING JUDGE KOMIVES'S REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION FOR TRANSFER TO A FEDERAL FACILITY

Now before the Court is Magistrate Judge Paul Komives' report and recommendation on Plaintiff's motion for transfer to a federal facility. Plaintiff is currently confined in the Richard A. Handlon Correctional Facility in Ionia, Michigan but was incarcerated at the Thumb Correctional Facility in Lapeer, Michigan at the times relevant to his complaint. In his motion plaintiff, Plaintiff contends that various MDOC officials are retaliating against him in a number of ways which he contends place him in imminent danger, and he therefore requests that the Court order him transferred to a federal prison.

Judge Komives recommends denying Plaintiff's motion for the same reason he recommended denying Plaintiff's first motion for transfer to a federal prison. In his previous report and recommendation, Judge Komives explained:

[T]his Court is without authority to grant the relief requested. Although in extreme cases a federal court may order state officials to transfer a prisoner to a different facility to remedy a constitutional violation, such a power does not extend to order the state to transfer a prisoner to the federal prison system, or to requiring the federal prison system to accept the prisoner. "[W]hen a state has primary custodial jurisdiction over an inmate, a federal court cannot order the delivery of the defendant

for service of a sentence in a federal institution. Such an order would be tantamount to a transfer of custody beyond the jurisdiction of the federal court." *Fisher v. Goord*, 981 F. Supp. 140, 176 (S.D.N.Y. 1997); *see also Moore v. Schuetzle*, 486 F. Supp. 2d 969, 981 (D.N.D. 2007).

ECF No. 32 at 16-17. In his current report, Judge Komives concludes that Plaintiff has nothing to call into question this analysis. The authorities Plaintiff offers do not support the proposition that this Court may order him to be transferred from state to federal custody. *See Chavis v. Chappius*, 618 F.3d162 (2d Cir. 2010) (addressing only whether the plaintiff had alleged sufficiently that he was in imminent danger of bodily injury to avoid dismissal under the three strikes provision of 28 U.S.C.

§ 1915(g)). Even if Plaintiff's allegations are sufficient to show that he is in imminent danger of bodily harm, the Court is still without power to order him transferred to a federal prison, and *Chavis* does not suggest otherwise. 18 U.S.C. § 5003 merely permits the Director of the U.S. Bureau of Prisons to contract with state officials to house state prisoners in federal prisons, and *Howe v. Smith*, 452 U.S. 473 (1981) merely held that this statute does not require that a state prisoner have any special treatment needs that can only be served by a federal prison. In sum, Section 5003 and *Howe* permit states and the federal government to agree to house state prisoners in federal institutions. Nothing in the statute or *Howe* grants a federal court authority to compel state prison officials to house a state prisoner in a federal prison. *See Cunningham v. Oregon Dep't of Corrections*, No. 96-35760, 1998 WL 847627, at *1 (9th Cir. Nov. 16, 1998).

Plaintiff filed an objection on July 25, 2012. ECF No. 67. Plaintiff's objection restates arguments already presented that are largely unrelated to his instant motion and does not provide any authority to suggest that Judge Komives' conclusions are incorrect regarding the Court's inability to transfer a state prisoner to a federal facility. An objection that does nothing more than

state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in the context of Federal Rule of Civil Procedure 72 and is insufficient "to alert the Court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

Accordingly, it is **ORDERED** that Plaintiff's objections (ECF No. 67) are **OVERRULED**.

It is further **ORDERED** that Judge Komives' report and recommendation (ECF No. 66) is **ADOPTED**.

It is further **ORDERED** that Plaintiff's motion for transfer to a federal facility (ECF No. 60) is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 13, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Joseph Dunbar, #129278 at Richard A. Handlon Correctional Facility, 1728 Bluewater Highway, Ionia, MI 48846 by first class U.S. mail on August 13, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS

---