UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH DUNBAR,

               Plaintiff,                          Case No. 11-10123
                                                      Honorable Thomas L. Ludington

v.

PATRICIA CARUSO, DAVID
BERGH, JEFF VANSICKLE,
MAUREEN McGRAW, GERALDINE
WILSON, and KELLY FREESE,

               Defendants.

_____/

**ORDER CONSTRUING PLAINTIFF'S APPEAL OF MAGISTRATE
JUDGE'S ORDER AS MOTION FOR RELIEF AND DENYING THE MOTION,
DISMISSING AMENDED COMPLAINT**

On April 9, 2013, United States Magistrate Judge Paul Komives entered a comprehensive order recounting the extensive history of this case. *See* Apr. 9, 2013 Order 1–5, ECF No. 69. In relevant part, Judge Komives established that many of Plaintiff Joseph Dunbar's claims have been dismissed (specifically, those against Defendants Caruso, Bergh, and Freese). *Id*. at 2. Judge Komives also directed that Plaintiff file a second amended complaint with a "more definite statement" concerning his remaining claims. *Id*. at 5. Because Plaintiff has not filed an amended complaint twenty months later — if he so desired, of course — Judge Komives entered his order to set case management deadlines. Among other dates that were set, Plaintiff was again ordered to file a second amended complaint no later than May 15, 2013, and he was cautioned that "a failure to timely file a second amended complaint . . . may result in the entry of a report and recommendation by the undersigned that this case be dismissed for failure to prosecute." *Id*. at 5–6.

Plaintiff responded with an "Appeal of Magistrate Judge's Order," which he filed on

April 25, 2013. In that "appeal," Plaintiff indicates as follows:

> If I ain't filed an amended complaint omitting that prison officials injected me with Hepatitis C, Conspiracy to Commit Murder, lingering death . . . 'poisoning,' in all this time after being threatened it must be obvious that I am not filing an amended complaint abandoning and waiving those claims I rather die in prison for a crime that never happened with those claims in my Complaint and amended Complaint than to die in prison with out those claims in my Complaint and amended Complaint.

Pl.'s Mot. 1, ECF No. 70. Plaintiff goes on to request numerous forms of relief:

> Wherefore, I pray this Court grant my Summary Judgment motion in light of the fact that the Complaint was never disputed nor a motion in opposition to my motion for Summary Judgment by the Defendants. Order that I be transferred to a Federal Prison; order that the Michigan Dept. of Corrections stop stealing my mail, incoming and outgoing, I'm not breaking any rules; order that I be given my medically prescribed gym shoes, and be placed in a single man cell until transferred to a Federal Prison or Correctional facility with a dietline as I have been taken off my medically prescribed Dietline Acid reflux diet not by a Doctor but by Prison Officials to hide me. And that I be awarded $5-million plus Court costs and interests.

*Id*. at 5.

Although not styled as such, the relief Plaintiff requests comports with a motion brought

under Federal Rule of Civil Procedure 60. Rule 60 provides, in relevant part, that a court may

relieve a party from an order for the following reasons: "(1) mistake, inadvertence, surprise, or

excusable neglect; . . . (3) fraud . . . misrepresentation, or misconduct by an opposing party; . . .

(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Plaintiff's motion, however,

satisfies none of these requirements.

In fact, if Plaintiff were to read Judge Komives's order in detail, he would note that his

previously-filed motions for transfer to a federal facility were denied, Apr. 9, 2013 Order 2, 4;

and that his claims related to "denial of or interference with his legal mail" were dismissed with

prejudice, *id*. at 3. Further, Plaintiff's motion for summary judgment was denied as premature,

and the case now awaits his filing of a second amended complaint on the only remaining issue, "that [Plaintiff] was denied a particular job solely on the basis of race." *Id.*

It appears Plaintiff has made his decision not to file the amended complaint as he was originally authorized to do on August 9, 2011 (directing Plaintiff to "file a more definite statement in the form of an amended complaint that is consistent with the directives . . . of Judge Komives's report and recommendation."  Aug. 9, 2011 Order 6, ECF No. 39).  Of course, that order granted Plaintiff until August 30, 2011 to file his second amended complaint.  He did not, and without doubt, continues to believe his decision was sound.  As he put it, "If I ain't filed an amended complaint . . . in all this time after being threatened it must be obvious that I am not filing an amended complaint."  Pl.'s Mot. 1.

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for "failure of the plaintiff to prosecute" upon motion by the defendant.  However, the Court has the inherent power to dismiss a claim *sua sponte* for the willful failure to prosecute.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962).  As it is clear Plaintiff has no intention of complying with Judge Komives's order, or that of this Court, his complaint will be dismissed with prejudice.  *See Hassain v. Genesee Cnty. Jail*, 815 F.2d 703, at *1 (6th Cir. 1987) (unpublished) (affirming district court's dismissal with prejudice for failure to prosecute pursuant to Rule 41(b)).

Accordingly, it is **ORDERED** that Plaintiff's appeal of Judge Komives's order, ECF No. 70, is **CONSTRUED** as a motion for relief from that order.

It is further **ORDERED** that said motion, ECF No. 70, is **DENIED**.

It is further **ORDERED** that Plaintiff's amended complaint, ECF No. 8, is **DISMISSED**

with prejudice.  This is a final order and closes the case.


Dated: May 9, 2013                                         s/Thomas L. Ludington
                                                           THOMAS L. LUDINGTON
                                                           United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served
upon each attorney of record herein by electronic means and on Joseph
Dunbar #129278, Richard A. Handlon Correctional Facility, 1728
Bluewater Highway, Ionia, MI 48846 by first class U.S. mail on May 9,
2013.

                                        s/Tracy A. Jacobs
                                        TRACY A. JACOBS